CELSA RIVERA, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1168. Submitted June 21, 1945.—Decided July 16, 1945.

*A. L. López* for appellant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Arcadia Barety, in her capacity as mother with *patria potestas* over María Socorro Acevedo Barety, 18 years of age, single, and resident of New York, sought judicial authorization to sell a condominium consisting of one half of certain urban property situated in Caguas. The district attorney stated that he agreed that the conveyance be authorized on condition that the whole property be sold at public

auction and the proceeds of the sale be deposited in the clerk's office in order to dispose of the share belonging to the minor, as ordered by the court. The court ordered the sale of all the properties, as suggested by the district attorney, and it was so done. Upon presenting the deed of sale in the registry of property, it was recorded with the curable defect that Arcadia Barety had not consented that her condominium, consisting of the other half of the property, be sold at public auction.

In order to review the decision of the registrar the purchaser has taken the present administrative appeal.

The order decreeing the sale of the property discloses that the authorization sought by Arcadia Barety was for the purpose of selling only the condominium belonging to her daughter. There is no showing that the mother expressly consented to having her condominium publicly sold. It being so, the court lacked jurisdiction to order the sale of the mother's condominium. She could have expressly asked that her condominium be sold together with that of her daughter, thus facilitating the sale and increasing the probabilities of obtaining a better price for the condominia.

Without prejudging the rights which appellant may exercise against Arcadia Barety, an issue which is not involved in this appeal, we shall confine ourselves to deciding that, as to the question of recordation raised in the decision of the registrar, the latter was right.

*West India Oil Co.* v. *Blanch,* 57 P.R.R. 580, invoked by the appellant, is not apropos. In that case the question involved was the partition of property held in common and the partition in such case is governed by § 338 of the Civil Code, 1930 ed., in pursuance of which the sale of the whole property had to be effected.

The decision appealed from should be affirmed.